## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TROY JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:08-CV-00057 (RMU)** |
| | ) | **ECF** |
| **NAVY-MARINE CORPS COURT** | ) | |
| **OF CRIMINAL APPEALS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12 (e) and 12(b)(6), Defendant, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction or in the alternative for a more definite statement. Plaintiff's complaint is so vague and ambiguous so as to deny defendant the opportunity to frame a responsive pleading. To the extent Plaintiff is alleging some type of constitutional tort, plaintiff fails to state a claim. Specifically, the alleged acts or omissions by the defendant are within the absolute immunity exception to the Federal Tort Claims Act (FTCA); and the alleged acts or omissions are barred by the Supreme Court decision in Heck v. Humphrey 512 U.S. 489 (1994).

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities.[1]

---

[1]Consistent with the guidance of the Court of Appeals in Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Defendant reminds this *pro se* litigant that his failure to respond or contest Defendant's motion may lead to an entry of adverse judgment against him. In Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988), the Court of Appeals noted that a *pro se* party may lose if he fails to respond to a dispositive motion. See also Ham v. Smith, 653 F.2d 628,

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____
Raymond A. Martinez, TX. Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

---

629-30 (D.C. Cir. 1981).  Failure to respond to Defendant's motion may result in the District Court granting the motion and dismissing the case.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TROY JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:08-CV-00057 (RMU)** |
| | ) | **ECF** |
| **NAVY-MARINE CORPS COURT** | ) | |
| **OF CRIMINAL APPEALS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 12 (b) (1), 12 (e) and 12 (b) (6) Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In the alternative, because Plaintiff's complaint is vague and ambiguous, Defendant moves for an Order having plaintiff provide a more definite statement of his claims.

## I. <u>INTRODUCTION</u>

Plaintiff *pro se*, claims that he was found guilty of rape, forcible sodomy, and indecent act by a general court-martial. <u>See</u> Complaint first sentence. Plaintiff recites a listing of various facts and circumstances about what developed at the trial level throughout the complaint. Plaintiff then alleges, in the last page of his complaint, 5th and 6th amendment violations in that he was forced to testify against himself and that he had inadequate counsel. He also alleges that

he did not have a trial by jury, that two of the three charges had been dismissed and contaminated evidence was falsified.[2] See Complaint last page. As a result of all these alleged instances, Plaintiff seems to allege that his Constitutional Rights have been violated and is requesting 250 million dollars in damages.[3]

Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted in that the alleged acts or omissions by the Defendants fall within the absolute immunity exception to the Federal Tort Claims Act (FTCA); and the alleged acts or omissions are barred by the Supreme Court decision in Heck v. Humphrey 512 U.S. 489 (1994). In the alternative, because Plaintiff's complaint is vague, Defendant moves for an Order requiring Plaintiff to provide a more definite statement.

## II.  ARGUMENT

### Plaintiff Has Not Alleged That He Was Successful In Overturning His Conviction And Thus Cannot  Recover Damages.

Plaintiff alleges that on November 29, 2000 he was found guilty of rape, forcible sodomy, and indecent act at a general court-martial. (See Compl ¶1).  He then alleges on the last page of his complaint, in unnumbered sentences, many inadequacies in his trial leading him to be wrongfully incarcerated    The claim that Plaintiff seeks to assert is plainly one that must be dismissed in light of the Supreme Court's decision in Heck v. Humphrey, 512 U.S. at 489-90; see also Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (applying Heck analysis outside of section 1983 actions and concluding that "because he was found guilty and because the verdicts

---

[2]The last page of the complaint is not numbered nor broken into separate paragraphs.

[3]Service was made upon the Court as an institution and not to any named individual.

have not been set aside, Williams cannot recover damages for the actions of those who allegedly brought about his convictions.").  In Heck and Williams, the plaintiffs sought to recover against the defendants on a theory that plaintiffs were wrongly convicted.  In order to state a cause of action under such circumstances, the plaintiff must allege and prove that he was successful in overturning his conviction.  Heck v. Humphrey, 512 U.S. at 489-90; Williams v. Hill, 74 F.3d at 1341 ; see also Edwards v. Balisok, 520 U.S. 641 (1997); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373-76 (D.C. Cir. 2000) (discussing Balisok and Heck). Similarly, Plaintiff in this action seems to be seeking damages for actions that led and brought about his court martial. Specifically, plaintiff alleges that he did not have a trial by jury, contaminated evidence was falsified, that he was wrongfully incarcerated, that he was a witness against himself and that he had ineffective assistance of counsel.(See Compl pg. 5 of 6) Plaintiff then states that for all these alleged injustices he is seeking general damages in the amount of 250 million dollars. (See Compl last sentence).   Plaintiff has not alleged or proven that he has been successful in overturning his court martial. Rather, Plaintiff seems to recite various alleged violations in the proceedings that ultimately led to his court martial. However, nowhere in the text of the complaint is there any statement that Plaintiff's court martial has been reversed on direct appeal. To the extent plaintiff is seeking money damages for an unconstitutional conviction.  Plaintiff fails to meet the Heck standard and is barred from recovering any such damages.

**The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**.

The United States, as a sovereign, is immune to all suits, except in accordance with the explicit terms of the statutory waiver of such immunity.  Hercules v. United States, 516 U.S. 417, 422-23 (1996); Cox v. Sec'y of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990); see also, United

States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980);

Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).  Because a waiver of

sovereign immunity must be strictly construed in favor of the sovereign, such waiver "is to be

read no more broadly than its terms require."  Masonry Masters, Inc. v. Nelson, 105 F.3d 708,

712 (D.C. Cir. 1997).  Additionally, "any ambiguities in the statutory text must be resolved in

favor of immunity."  United States v. Williams, 514 U.S. 527, 531 (1995).  For example, to

sustain a claim for monetary damages against the United States, the waiver of sovereign

immunity "must extend unambiguously to such monetary claims."  Flatow v. Islamic Republic of

Iran, 74 F. Supp. 2d 18, 20-21 (D.D.C. 1999) (*quoting* United States v. Nordic Village, Inc., 503

U.S. 30, 34 (1992)); see also, Bienvenuti v. Dep't of Defense, 587 F. Supp. 348, 351-52 (1984).

In short, sovereign immunity operates as a jurisdictional bar to suit without an otherwise explicit

waiver of such immunity.  See, Flatow, 74 F. Supp. 2d at 21.

### The Court Should Dismiss Plaintiff's Complaint Because the Navy Court Martial Proceedings Are Immune From Suit

Plaintiff seems to be alleging Constitutional violations for events and proceedings that

led to his court martial.  Specifically he alleges 5th and 6th amendment violations in that he went

to prison because of ineffective assistance of counsel and that he was a witness against himself.

(See Complaint last page).  By its terms, the FTCA reserves to the United States certain defenses

available to agents of the United States whose acts or omissions give rise to a cause of action.  28

U.S.C. § 2674.  Specifically, the United States retains the ability to assert defenses based on

judicial immunity, as well as "other defenses," which would have been available to the employee

of the United States whose act or omission gave rise to the claim.  28 U.S.C. § 2674.  See, e.g.,

Tinsley v. Widener, 150 F.Supp.2d 7, 11, 12 (D.D.C. 2001) (holding that the United States was

4

immune from claims under the FTCA based on underlying acts of Federal district court judges who were absolutely immune from suit). This reservation is not solely limited to defenses of traditional judicial immunity. In its report accompanying the Federal Employees Liability Reform and Tort Compensation Act of 1988, the House Judiciary Committee specifically explained that Section 2674 enabled the United States to assert "other functional immunities . . . recognized in judicial decisions," such as quasi-judicial immunity, which would otherwise have been available to federal employees. See H.R. Rep. No. 100-700, at 5 (1988), reprinted in 1988 U.S.C.C.A.N. 5945, 5948.

The Supreme Court has observed that "few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). The common law doctrine of judicial immunity has been endorsed by the Supreme Court for well over a century, and has been deemed necessary to preserve the independence and integrity of the judicial process. See Bradley v. Fisher, 13 Wall. 335 (1872) (holding that a federal judge may not be assessed damages for a judicial act taken within his jurisdiction "however erroneous the act may have been, and however injurious"); see also Stump v. Sparkman, 435 U.S. 349, 363 (1978) (holding that judicial immunity applies regardless of a judge's procedural "informality" and despite any ex parte feature of the proceeding).

Courts have extended judicial immunity in the form of absolute "quasi-judicial" immunity for other federal officials close to the judicial process who play a role "'functionally comparable' to that of a judge," such as federal hearing examiners and administrative law judges. See Butz v. Economou, 438 U.S. 478, 513 (1978). Courts have also extended absolute

quasi-judicial immunity to a wide range of persons playing a role in the judicial process –

including parole and probation officers.  See Briscoe v. LaHue, 460 U.S. 325, 335 (1983)

(witnesses who testify in judicial proceedings); Imbler v. Pachtman, 424 U.S. 409, 424-26

(1976) (federal and state prosecutors, as well as grand jurors); Austern v. Chicago Bd. Optionc

Exch., Inc., 898 F.2d 882, 886 (2nd Cir. 1990) (persons performing binding arbitration); Sellars

v. Procunier, 641 F.2d 1295, 1303-04 (9th Cir. 1981) (holding that parole board members are

entitled to absolute immunity); Howard v. Drapkin, 222 Cal. App. 3d 843 (Cal. App. 1990) (a

psychologist performing dispute resolution services in connection with a lawsuit over custody

and visitation rights).

In deciding whether particular functions of federal officers fit within the tradition of

quasi-judicial immunity, courts must take a "functional approach" and look to "the nature of the

function performed, not to the identity of the actor who performed it."  Forrester v. White, 484

U.S. 219, 229 (1988); Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002); accord Butz, 438

U.S. at 511 ("Judges have absolute immunity not because of their particular location within the

Government but because of the special nature of their responsibilities").  Relevant factors

include the degree to which the official function resembles judicial decisions made by judges,

and the probable effect that exposure to liability would have on the appropriate and faithful

exercise of those functions.  See Forrester, 484 U.S. at 224; Wagshal v. Foster, 28 F.3d 1249,

1252-53 (D.C. Cir. 1994).

Here, Plaintiff alleges that the United States is liable for acts of the Navy Marine Corps

Court of Criminal Appeals (NMCCCA) in the very performances of their judicial duties which

led to the affirmance of a guilty determination in  his court martial. Such determination and

actions by (NMCCA) involve a judicial decision in review of a determination of guilt or innocense that was rendered by Plaintiff's court martial.   Plaintiff's claims against the United States should be dismissed because the Federal Government retains the functional immunity defenses which is available to the (NMCCCA).   Thus, this Court lacks subject matter jurisdiction over Plaintiff's claims.

### Plaintiff Has Not Established That Defendant Was A State Official Acting Under Color Of State Law.

Plaintiff seems to assert liability based upon 42 U.S.C. § 1983.  A violation based upon section 1983 must be based upon "the deprivation of constitutional rights by a person acting under color of law of any state or the District of Columbia.  Section 1983 only applies to state officials acting under color of state law."  Abramson v. Bennett, 707 F. Supp. 13, 16 (D.D.C.), aff'd 809 F.2d 291 (D.C. Cir. 1989) (and cases cited therein); see also Gray v.Poole, 243 F.3d. 572, 574 n. 2 (D.C. Cir. 2001).  "The traditional definition of acting under color of state law requires that the defendants in a §1983 action have exercised power 'possessed by virtue of state law.'"  Williams v. United States, 396 F.3d 412, 414 (D.C. Cir. 2005).  As such, in Section 1983 cases, courts have "focused on whether [the] defendants are state officials or have conspired with state officials in committing illegal acts."  Id.   In cases under section 1983, circuit courts looking at whether Defendants have acted "under color of " state law have thus focused on whether the Defendants are state officials or have conspired with state officials in committing the alleged illegal acts. Id. The Defendants in this action were acting in their official capacities as federal employees, judges of the NMCCA, not under color of state law.  Plaintiff's complaint fails to show that the Defendants acted under color of state law.  Thus, to the extent Plaintiff is alleging a 1983 action,

it  should be dismissed for failure to state a claim.

**Plaintiff Has Not Established That He Has Exhausted His Administrative Remedy.**

The Federal Tort Claims Act ("FTCA") waives sovereign immunity in a limited number of tort actions, allowing in limited circumstances for the United States to be sued for torts "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674; see also, Eagle-Picher Industries, Inc. v. United States, 937 F.2d 625, 627-28 (D.C. Cir. 1991).  However, the limited waiver of sovereign immunity under the FTCA requires full compliance with the conditions placed upon waiver of that immunity, and absent such compliance, the Court lacks jurisdiction to entertain tort claims against the United States.  GAF Corp. v. United States, 818 F.2d 901, 905, 916 n.86 (D.C. Cir. 1987).  One such condition is contained in 28 U.S.C. § 2401, which provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b); see also Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (the FTCA "requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim").  "A claim not so presented and filed is 'forever barred.'"  Mittleman v. United States, 104 F.3d 410, 413 (D.C. Cir. 1997).

In this case, Plaintiff has not established anywhere in his pleadings that he has filed his initial administrative claim within two years of the accrual of his claim.  Absent strict compliance with the waiver requirements of the FTCA, this Court lacks jurisdiction to hear

8

Plaintiff's suit against the United States, and his Complaint should be dismissed.  See United States v. Kubrick, 444 U.S. 111, 117 (1979); see also Stokes v. U.S. Postal Serv., 937 F.Supp. 11, 14 (D.D.C.1996) (presentment to the appropriate agency within two years is "a mandatory jurisdictional prerequisite to filing a lawsuit against the United States").

### In the Alternative,  The Court Should Order Plaintiff To Provide A More Definite Statement.

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Brown v. Califfano, 75 F.R.D.  497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Rather than comply with the requirements of Rule 8(a), Plaintiff  vaguely alleges in the last page of his complaint various inadequacies in the procedures that led to his court martial without specifically alleging what specific statute was violated.  (See Compl last page). It is unclear as to who Plaintiff is bringing this claim against.  Plaintiff's complaint is filed against the Navy-Marine Corps Court of Criminal Appeals, yet there does not seem to be any allegations specifically directed against it.  The reader is for the most part forced to draw its own conclusions regarding what claims Plaintiff may be asserting and the bases upon which his claim

rest.  For example, Plaintiff states in his complaint that he " request a trial by jury because I did

not have a trail by jury" and that "contaminated evidence was falsified by the Fort Gillem

Georgia Criminal Investigation Laboratory." ( See Complaint,  last page).  In making this

assertion, plaintiff does not state what is the alleged violation and how Defendant is responsible

for the alleged violations.  With the exception of the last page, the entire complaint is a recitation

of various facts that seemingly led to Plaintiff's Court martial.  This is not a "short and plain

statement of the claim" required by Rule 8(a).  Plaintiff's pleading fails to provide Defendant

with clear and adequate notice of the facts or law allegedly at issue.  See Sparrow v. United Air

Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is required to give the

Defendant fair notice of each claim and its basis.)(citations omitted).  Neither Defendant, nor the

Court, should be forced to guess what claims are asserted, nor should Defendant risk waiving

defenses if it cannot properly guess what claims Plaintiff intends to pursue.

> Rule 10(b) of the Federal Rules of Civil Procedure requires that all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

> Rule 12(e) of the Federal Rules of Civil Procedure provides that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just.

Accordingly, Defendant respectfully requests that Plaintiff be required to file a short and plain statement of his Complaint, which provides the following details:

(1)  What specific wrongful act(s) does Plaintiff allege were committed?

(2)  On what facts does plaintiff rely in making these allegations?

(3)  Who committed each of the alleged violations?

(4)  Where did each of the alleged violations occur?

(5)  When were the alleged violations committed ?

(6)  How were each of the alleged violations committed by Defendant?

(7) What are the specific laws and/or regulations that allegedly have been violated?

(8) What specific damages occurred as a result of such alleged violations?

(9) What specific law does Plaintiff allege entitles him to money damages.

Additionally, Defendant requests that the Court order that Plaintiff answer these questions by a date certain, and warn Plaintiff that, pursuant to Fed. R. Civ. P. 12(e), the Court may dismiss his Complaint for failing to respond by that date. Finally, should Plaintiff respond, Defendant requests forty-five days following service of Plaintiff's response to file an answer or other appropriate response to Plaintiff's allegations.

.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, to the extent that he is alleging FTCA violations, for failure to state a claim upon which relief can be granted. In the alternative, because Plaintiff's Complaint fails to meet the minimum standard of notice pleading, Defendant respectfully moves this Court for an

order requiring Plaintiff to file an amended complaint that provides a more definite statement of his claim.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

_____/s/_____
Raymond A.Martinez
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530
202-514-9150
Raymond.Martinez2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2008, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:


Troy B Jenkins
1409 Lenevar Drive West
Charleston South Carolina 29407-5118



____/s/_____
Raymond A. Martinez
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530
 202-514-9150
 Raymond.Martinez2@usdoj.gov