UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY B. JENKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:008-CV-00057 |
| ) | (RMU) |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE TO THE COURT OF PLAINTIFF'S LATEST FILING AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, the United States, respectfully notes to the Court that Plaintiff's latest filing of April 28, 2008 (See Ct. Doc. 7), seems to be the same documents used in his appeal before the Court of Appeals For the Armed Services (CAAF). (See Appellant's Supplement to Petition For Grant of Review, No. 200101151 (N-M Ct. Crim. App. April 4, 2006) USCA DKT No. 03-473/NA). Defendant moves to dismiss this case pursuant to Rule 12(b)(1) and/or (6) or, to grant motion for summary judgment pursuant to Rule 56. Plaintiff, a former Sailor in the United States Navy, seems to be bringing a collateral challenge to his conviction at a general court-martial. If that is what Plaintiff is doing, his claim fails as a matter of law because there is no jurisdiction for a collateral attack on his court-martial other than via *habeas corpus*, not sought here. Alternatively, his claim should fail on the merits because the military courts gave his same constitutional challenge full and fair consideration. (See United States v. Jenkins, 64 M.J. 80 (2006)).

A memorandum of points and authorities in support of this motion is attached.

May 30, 2008                                     Respectfully submitted,

                                                 JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                 United States Attorney

                                                  /s/
                                                 RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                 Assistant United States Attorney


                                                  /s/
                                                 Raymond A. Martinez, TX. Bar No. 13144015
                                                 Special Assistant United States Attorney
                                                 Judiciary Center Building
                                                 555 Fourth Street, N.W., Civil Division
                                                 Washington, DC 20530

Of Counsel:
MARC S. BREWEN
Lieutenant Commander, United States Navy
Office of the Judge Advocate General
General Litigation Division
Department of the Navy
Washington Navy Yard, Washington, D.C.
Telephone: (202) 685-5398

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY B. JENKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:008-CV-00057 |
| ) | (RMU) |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT NOTICE OF PLAINTIFF'S FILING AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States, respectfully files this memorandum of points and authorities in support of its motion to dismiss. Plaintiff brings this collateral challenge to his general court-martial, without citing any statutory basis for jurisdiction. No case law supports such a collateral challenge, except through *habeas corpus*, which is inapplicable here because he is neither in the military nor in custody. Accordingly, sovereign immunity applies and the District Court lacks jurisdiction to hear his claim. Alternatively, even if jurisdiction existed, his claim fails on the merits as a matter of law because the military courts have fully and fairly considered his precise claim here and those courts made no error in their review and disposition of his claims.

**Factual Background**

Plaintiff was tried by general court-martial, military judge alone, on November 29, 2000. (See Doc 7, page 1). He was convicted of rape, forcible sodomy, and indecent acts with another, in violation of Articles 120, 125 and 134, Uniform Code of Military Justice

("UCMJ"), 10 U.S.C. §§ 920, 925 and 934 (2000). Id. He pled GUILTY to the charges of rape and forcible sodomy, and was found guilty of the indecent acts charge contrary to his Not Guilty plea. Id at 6. The judge sentenced him to twelve years of confinement, forfeiture of all pay and allowances, reduction to the lowest enlisted pay grade, and a dishonorable discharge. Id at 1. The convening authority approved the sentence as adjudged and ordered it executed. In an act of clemency, however, the convening authority suspended all confinement in excess of nine years for a period of five years from the date of the convening authority's action. Id., see United States v. Jenkins, 62 M.J. 582, 583-4 (N-M. Ct. Crim. App. 2005).

Plaintiff's appeal to the Navy-Marine Corps Court of Criminal Appeals ("NMCCA"), the first level of military appellate system, asserted five errors: (1) his pleas were improvident because the providence inquiry established the 'mistake of fact' defense; (2) the judge erred in accepting his plea to rape because the inquiry failed to establish the "by force and without consent" element; (3) Charges II (forcible sodomy) and III (indecent acts) were multiplicious; (4) he received ineffective assistance of counsel; and (5) his sentence was too severe. Upon review, NMCCA granted partial relief and set aside the finding of guilty to the indecent acts charge (Charge III) on the basis that, as a lesser included offense, it was multiplicious with Charge II (forcible sodomy). Id at 2. The Court also reassessed the sentence, reducing it by six months and hence approving 138 months (11 ½ years) of confinement, with the remainder of the sentence as adjudged. Id at 2; see United States v. Jenkins, No. 200101151, CCA LEXIS 13 (N-M. Ct. Crim. App. January 30, 2003)(unpublished op.).

Plaintiff then petitioned the Court of Appeals for the Armed Forces ("CAAF") for review. CAAF is the military's highest appellate court. One may seek relief only from the

United States Supreme Court after CAAF. In June 2004, CAAF set aside NMCCA's decision because its unattributed use of language from the Government's brief in its opinion cast doubt upon whether Plaintiff had in fact received the independent Article 66(c) review to which he was entitled. Id. CAAF then remanded the case to NMCCA for another Article 66(c) review before judges who had not previously participated in the case. Id; see United States v. Jenkins, 60 M.J. 27, 29-30 (C.A.A.F. 2004).

In its de novo review, NMCCA again addressed the original five (5) assignments of error, described above. Id. In addition, Plaintiff was provided the opportunity to raise any additional assignments of error, which he did, namely: (6) that he had been denied his right to a speedy review of his conviction (seeking money damages); and (7) his conviction should be set aside because the examiner who conducted the DNA analysis in the case later admitted falsifying test results in some cases. Finally, he raised two issues pursuant to *United States v. Grostefon*, 12 M.J. 431, 436 (C.M.A. 1982), petitioning for a new trial and a writ of habeas corpus, seeking release from confinement and monetary compensation for each day he had been confined. United States v. Jenkins, 62 M.J. at 584. NMCCA set aside the finding of guilty of Charge III (indecent acts) as multiplicious with Charge II (forcible sodomy), affirmed the remaining findings of guilt and, reassessed Plaintiff's sentence to nine years of confinement, the remainder as adjudged. Id. at 587. No other relief was granted.[1]

---

[1] In what is clearly a clerical error, the conclusory paragraph of NMCCA's opinion indicates that "[b]ecause we are bound by the relief afforded the appellant by the decision of a different panel of this court on 30 January 2003, we set aside the appellant's conviction of Charge II [sic] and its specification." In fact, it was Charge III (indecent acts) that was previously set aside as multiplicious, and it is clear from the court's opinion that it was, in fact, their intent to abide by that earlier dismissal of Charge III.

On January 17, 2006, Jenkins again petitioned CAAF for review, setting forth five assignments of error, viz.: (1) NMCCA erred in finding no substantial basis to question Appellant's guilty pleas; (2) the lower court erred in finding that the trial defense counsel was effective; (3) the 'de novo' review by the second NMCCA panel was tainted by the earlier decision; (4) Appellant was denied his right to speedy appellate review; and (5) his guilty pleas were not voluntary where the DNA evidence relied upon "was created by a DNA examiner who has since confessed to falsifying DNA results." See Appellant's Supplement to Petition for Grant of Review, No. 200101151 (N-M. Ct. Crim. App. April 4, 2006), USCA Dkt No. 03-473/NA. This is the same brief he filed with this Court. (See CT. Doc 7).

On August 14, 2006, CAAF granted the petition for review, but only on the sole issue of "[w]hether Appellant had been denied his right to speedy appellate review by excessive post-trial delay in the processing of his case." United States v. Jenkins, 64 M.J. 80 (2006). By order dated September 11, 2006, the Court denied relief, having determined that, "assuming that Appellant was denied his due process right to a speedy post-trial review and appeal, that error was harmless beyond a reasonable doubt." United States v. Jenkins, 64 M.J. 175 (2006). Appellant petitioned the Court for reconsideration of its denial, but this petition was denied on October 11, 2006. United States v. Jenkins, 64 M.J. 222 (2006). Finally, Appellant sought certiorari from the Supreme Court of the United States, which was also denied. Craig v. United States, 127 S. Ct. 1141, 166 L. Ed. 2d 894 (2007).

Now, Plaintiff raises identical issues to this Court with the identical brief filed by his military counsel with CAAF in 2006. (See Ct.Doc 7).

## Standard of Review

**A.     Motion to Dismiss**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  The court must construe the allegations and facts in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts alleged in the complaint.  Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Comm'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept asserted inferences, conclusory allegations that are unsupported by the facts set forth in the complaint.  Kowal, 16 F.3d at 1276.  Of course, the Court need not "accept legal conclusions cast in the form of factual allegations."  Id.

In considering a motion to dismiss, the Court is not to consider "matters outside the pleading," per Rule 12(b), without converting defendant's motion to a motion for summary judgment.  In interpreting the scope of this limitation, the D.C. Circuit has instructed that the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice."  EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).  For example, court papers filed and arguments made elsewhere by the plaintiff may be relied upon by the Court in deciding a motion to dismiss.  See Jankovic v. Internat'l Crisis Group, 494 F.3d 1080, 1088 (D.C. Cir. 2007) (citing Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1222-23 (D.C. Cir. 1993)) (court papers); Covad Commun. Co. v. Bell Atlantic Corp., 407 F.3d 1220, 1222 (D.C.

5

Cir. 2005) (arguments).

B.      **Motion for Summary Judgment**

A summary judgment motion should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). "A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Willis v. Roche Biomedical Laboratories, Inc., 61 F.3d 313, 315 (5th Cir. 1995). To defeat a motion for summary judgment, the non-movant, who bears the burden of proof at trial, cannot rest on mere allegations or conclusory denials, but must set forth facts showing there is a genuine issue of material fact. See Celotex, 477 U.S. at 321-22; 324.

**Legal Standards for Collateral Review of Court-Martial**

In Burns v. Wilson, 346 U.S. 137 (1953), the Court permitted a collateral attack on a court-martial verdict through a *habeas corpus* petition. In that case, the soldiers who brought the petition were accused of murder and rape while stationed on Guam, and they alleged that their trial by the U.S. military authorities was conducted in a virtual mob atmosphere, lacking fundamental protections such as deprivation of effective counsel, extorted confessions, suppression of favorable evidence, and subornation of perjury by prosecution witnesses. See id. at 138. The plurality noted that *habeas corpus* applied to military proceedings, although "the scope of matters open for review [] has always been more narrow than in civil cases." Id. at 139.

The Court noted the existence of a parallel type of collateral review, provided for in the Uniform Code of Military Justice ("UCMJ"), id. at 141 & n.8, and concluded that "when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence[,]" id. at 142.  The Court denied the petition, having found that "[t]hese records make it plain that the military courts have heard petitioners out on every significant allegation which they now urge." Id. at 144.

Then, in Schlesinger v. Councilman, 420 U.S. 738 (1975), the Supreme Court permitted a non-custodial plaintiff to bring a *habeas corpus* petition against his court-martial.  The soldier there alleged the military courts could not prosecute him because the charges were not sufficiently "service connected."  Id. at 741.  Even though the soldier bringing the petition had not yet been convicted, and so his "case, of course, does not concern a collateral attack on a court-martial judgment, at least in the normal sense, because there was no judgment to attack[,]" id. at 748, the Supreme Court was satisfied that jurisdiction existed for his *habeas* petition because his suit stands on precisely the same footing as suits seeking possible post judgment forms of collateral relief[,]" id. at 749.

The Court in Councilman held that the scope of review was limited to cases where the judgment therein was found so riddled with error as to be void.  Id. at 746-47.  Whether a judgement is void "may turn on [1] the nature of the alleged defect, and [2] the gravity of the harm for which relief is sought."  Id. at 753.  In determining whether a judgment is void, the reviewing court must conduct its analysis in "light of the deference that should be accorded the judgments of the carefully designed military justice system established by Congress."  Id.

The D.C. Circuit applied Burns and Councilman in United States, *ex rel*. New v.

7

Rumsfeld, 448 F.3d 403 (D.C. Cir. 2006) ("New II").  The soldier in New II originally brought a *habeas corpus* petition in a factual situation very similar to that in Councilman: New argued that the military had no authority to order him to wear a United Nations symbol on his uniform and so he challenged his court-martial for failure to obey the order.  Originally, he brought his *habeas* petition prior to the court-martial reaching a decision, but the D.C. Circuit affirmed dismissal of that action for failure to exhaust his remedies in the court-martial proceedings.  See id. at 406.  In New II, he again sought collateral review after the Court of Appeals for the Armed Forces affirmed his conviction at the court-martial.  Id.

       The D.C. Circuit noted that New was no longer in the military and that he "is not in custody" and, therefore, the federal *habeas* statute cannot supply jurisdiction.  See id.  In dicta, however, the D.C. Circuit went on to assert: "This is not fatal, however, because the Supreme Court has held that Congress didn't intend to confine collateral attacks on court-martial proceedings to § 2241."  Id. (citing only Councilman).

       In applying the Supreme Court precedents, the D.C. Circuit then applied several tests that appear to provide for multiple bases for its holding (affirming dismissal of the *habeas* petition).  First, the court held that "a military court's judgment clearly will not suffer such a defect if it satisfies Burns's 'fair consideration' test."  Id. at 408 (quoting Councilman).  Second, the D.C. Circuit held that "errors must be fundamental to void a court-martial judgment on collateral review."  Id. at 408.  Applying these standards, the court found first that "the military judge heard arguments on the subject," id. at 410, and, second, that it could "find no defect in the Court of Appeals' [for the Armed Forces] application of the political question doctrine" to New's challenge, id. at 411.

This Court has had limited opportunity to hear collateral challenges to court-martial decisions, but a recent decision reflects the same sort of overlapping rationales for denying the relief. See Oppermann v. United States, No. 06-1824 (EGS), 2007 WL 1748920, 2007 U.S. Dist. LEXIS 43270 (D.D.C. June 15, 2007) (applying Councilman, Burns, and New II).

All courts agree that deference is properly given to the judgment of the military courts but that these judgments must still "conform to Supreme Court standards, unless it is shown that conditions peculiar to military life require a different rule." Kauffman v. Sec'y of the Air Force, 415 F.2d 991, 997 (D.C. Cir. 1969); United States, *ex rel*. New v. Rumsfeld, 350 F. Supp. 2d 80, 91 (D.D.C. 2004), aff'd, New II *supra*; Oppermann, 2007 WL 1748920 at *6, 2007 U.S. Dist. LEXIS 43270 at *16.

## Argument

I.  **The District Court Lacks Subject Matter Jurisdiction.**

As an initial matter, the United States, the only named Defendant in this action, is shielded from suit by sovereign immunity, absent a waiver in the form of a statutory cause of action permitting suit. See, e.g., United States v. Nordic Village, 503 U.S. 30 (1992); United States v. Testan, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'"). Unlike Burns, Councilman, and United States *ex rel*. New v. Perry, 129 F.3d 639 (D.C. Cir. 1997) ("New I"), the instant case is not a *habeas corpus* petition. Moreover, unlike those cases, the instant case does not involve either a service member who is subject either to military control or a person held in the custody of any government official(s). Plaintiff cites no case, and Defendant is aware of none, whose holding supports the existence of such a non-

9

custodial collateral attack to a decision of the military courts.

Plaintiff here challenges the correctness of the military courts' adjudication of his conviction, specifically so that the Court may declar[e] his conviction unconstitutional, award him a new jury trial, and 250 million dollars in damages. See Complaint at 5 and 6. The case law does not establish a new short-cut to federal court to challenge any decision of a military court, without apparent restrictions as to timing, venue, or proper defendant. The Court should find that it lacks jurisdiction to hear this non-custodial, non-*habeas* collateral attack on the decision of Plaintiff's court-martial, which decision was upheld by the Court of Appeals for the Armed Forces and the United States Supreme Court denied certiorari. See Craig v. United States, 127 S.Ct. 1141 (2007).

## II.     Full and Fair Consideration.

Alternatively, if there is a cause of action to bring this collateral attack even though it is not, in style or substance, a *habeas corpus* petition, Plaintiff's claim fails as a matter of law anyway because the military courts gave his same claims full and fair consideration.

The Military Courts have the responsibility to protect servicemembers from a violation of their constitutional and statutory rights. See Burns, 346 U.S. at 142; see, e.g., UCMJ Articles 66, 67 and 70; 10 U.S.C. §§ 866, 867 and 870. This congressionally-mandated system of review provides the servicemember with a number of venues in which to fully address any constitutional or statutory grievances with their court-martial, and to remedy any meritorious claims. Id. In this case, the Plaintiff was afforded this opportunity.

### A.     Plaintiff, with the assistance of his appellate defense counsel, raised the same claims to the military courts of appeal.

"As a general rule[] federal courts find 'full and fair consideration' of an issue

established when it is briefed and argued by the parties, even if the judgment summarily disposes of the issue." Oppermann, 2007 WL 1748920 at *6, 2007 U.S. Dist. LEXIS 43270 at *17 (citing Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986), and United States, *ex rel*. Thompson v. Parker, 399 F.2d 774, 776 (3rd Cir. 1968)).

In this case, Plaintiff raised the same, specific claims to the Navy-Marine Court of Criminal Appeals and to the Court of Appeals for the Armed Forces.  See United States v. Jenkins, No. 200101151, CCA LEXIS 13 (N-M. Ct. Crim. App. January 30, 2003)(unpublished op.), United States v. Jenkins, 60 M.J. 27, (C.A.A.F. 2004), United States v. Jenkins, 62 M.J. 582, (N-M. Ct. Crim. App. 2005), United States v. Jenkins, 64 M.J. 80, (C.A.A.F. 2006). Accord Bowling v. United States, 713 F.2d 1558, 1560 (Fed Cir.1983) (plaintiff raised identical issue in his military appeal to federal court).  Plaintiff's statutorily-mandated appellate defense counsel argued Plaintiff's claims and other assignments of error in two briefs to the NMCCA and in two petitions for review to the CAAF.  Through counsel's briefs, the courts obtained a concise view of plaintiff's position and rendered an informed decision.

Now, plaintiff raises these same issues to this Court.

**B.     NMCCA and CAAF conducted a thorough and complete factual and legal review of plaintiff's record**.

Even absent a brief from counsel, the NMCCA was charged with conducting a factual and legal review of plaintiff's entire record of trial, including whether the court believed that plaintiff's due process rights were violated in any manner.  Specifically, UCMJ Article 66(c) provides:

> [The court] may affirm only such findings of guilty and . . .
> sentence . . . as it finds correct in law and fact and determines, on
> the basis of the entire record, should         be approved.  In

11

> considering the record, it may weigh the evidence, judge the
> credibility of witnesses, and determine controverted questions of
> fact, recognizing that the trial court saw and heard the witnesses.

10 U.S.C. § 866(c). Moreover, the NMCCA is empowered to raise any additional issues that it believes may be present in the record. These Article 66 service courts have been described as "something like the proverbial 800-pound gorilla when it comes to their ability to protect an accused." United States v. Parker, 36 M.J. 269 (C.M.A. 1993). This follows from the fact that these courts have an "awesome, plenary, *de novo*, power of review[.]" United States v. Cole, 31 M.J. 270, 272 (C.M.A. 1972) (emphasis added). And it was before this type of court where plaintiff, through counsel, presented his same claims. Ultimately, by fulfilling its statutory mandate, the NMCCA provided plaintiff with a full and fair consideration of his claim.

### 1. NMCCA granted relief in Jenkins I.

A general court-martial convicted plaintiff of rape, forcible sodomy, and indecent acts in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934, on November 29, 2000 and sentenced him to confinement for 12 years, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The verdict and sentence, in accordance with Article 66, was then thoroughly reviewed by NMCCA on appeal.

Plaintiff asserted five assignment of error to the court: (1) He challenged the providence of his guilty pleas to rape and forcible sodomy; (2) that his plea to rape failed to establish the element of force and lack of consent; (3) the deprivation of effective assistance of counsel; (4) that his conviction of both forcible sodomy and indecent acts constituted a multiplication of charges; and (5) that his sentence was inappropriately severe.

On January 30, 2003, NMCCA announced its decision in what was to become the first of two appellate reviews of plaintiff's conviction. "We have carefully reviewed the record of trial, Appellant's five assignments of error, the Government's answer, and Appellant's reply. We conclude that there is merit in Appellant's summary fifth assignment of error and that Appellant is entitled to relief." United States v. Jenkins, 2003 WL 221811 (N.M.Ct.Crim.App. 2003).

In the 2003 decision, NMCCA set aside plaintiff's conviction for indecent acts and dismissed the charge finding that it was multiplicious with the charge of forcible sodomy. NMCCA then reduced plaintiff's sentence from 12 years of confinement to 138 months and left unaltered the remaining punishment.

### 2.     CAAF granted review and further relief in Jenkins I.

Under UCMJ Article 67, the CAAF must review all death sentences and any cases in which the Judge Advocate General orders sent to it. 10 U.S.C. § 867. For all other cases reviewed by the inferior service courts, the CAAF may review them upon petition and for good cause shown. 10 U.S.C. § 866.

Plaintiff, with the assistance of military counsel, appealed to the highest military appellate court, CAAF. It granted review of two issues: (1) whether NMCCA's verbatim replication of substantial portions of the Government's answer brief as its opinion constituted an abuse of discretion, negated judicial impartiality and substantially undermined the integrity of the opinion; and, (2) whether the lower court erred when it considered evidence outside of appellant's statements during the providence inquiry in evaluating the factual basis for plaintiff's pleas. United States v. Jenkins, 60 M.J. 27 (CAAF 2004).

On June 21, 2004, CAAF found that substantial portions of the government's answer

13

brief were used without attribution throughout the 2003 NMCCA opinion and held, regardless of the relief granted to plaintiff by the court, a substantial doubt existed that the Article 66(c) review was independent. Therefore, CAAF set aside the NMCCA decision and remanded the case back to NMCCA for a new Article 66 review by a panel of judges who had not previously participated in the case. Id at 30.

### 3. NMCCA conducted a second review of plaintiff's case.

Upon remand, NMCCA received new briefings from plaintiff and government appellate counsel, heard new oral arguments, and issued a second opinion on November 15, 2005. Plaintiff had resubmitted and briefed his original five assignments of error. Additionally, plaintiff was permitted to amend his brief and he therefore chose to raise two additional issues: (6) that he had been denied his right to a speedy review of his conviction (seeking money damages); and (7) his conviction should be set aside because the examiner who conducted the DNA analysis in the case later admitted falsifying test results in some cases. Plaintiff also asserted two issues, petitioning for a new trial and a writ of habeas corpus, seeking release from confinement and monetary compensation for each day he had been confined. United States v. Jenkins, 62 M.J. at 584.

The Jenkins II Court wrote, in its second opinion, that "we have carefully considered the record of trial, the appellant's initial and supplemental assignments of error, the appellant's brief concerning the specific issue, the appellant's issues raised pursuant to Grostefson, and the reply briefs filed by the appellant's counsel. We have also considered the briefs filed by the Government in response to the appellant's assignments of error and its brief concerning the specified issue. Finally, we considered the excellent oral arguments presented by Captain J.S.

14

Stephens, USMC, on the appellant's behalf, and Lieutenant M.H. Herrington, JAGC, USNR, on behalf of the Government." Id. at 583. The Jenkins II Court again dismissed the charge of indecent assault holding it was multiplicious with the charge of forcible sodomy and it dismissed plaintiff's writ of habeas corpus. The Court then reduced plaintiff's confinement to nine years, reduction in pay grade to E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

    **4.**    **CAAF granted a second review of plaintiff's case before affirming NMCCA's decision.**

Plaintiff, with the assistance of military appellate defense counsel, petitioned CAAF and submitted the same brief plaintiff has now filed with this Court. On August 14, 2006, CAAF granted review of one issue: whether the appellant had been denied his right to a speedy appellate review by excessive post-trial delay in the processing of his case. CAAF held that any error due to delay was harmless and affirmed the NMCCA Jenkins II holding on September 11, 2006.

Thus, the military courts fully and fairly considered the merits of plaintiff's claim. Plaintiff's general court-martial conviction received an extensive review by the military appellate courts. It was briefed and argued twice before NMCCA and granted review twice by CAAF. Plaintiff twice received relief from the NMCCA, once from CAAF, and a thorough review prior to CAAF's affirmation of the Jenkins II holding. He raises no new issues in his most recent motion before this Court but has simply filed the exact same brief his military appellate counsel filed with CAAF in 2006 that was fully and fairly considered by the military appellate judicial system. His motion should be dismissed.

## Conclusion

WHEREFORE, defendant requests that plaintiff's complaint be dismissed for lack of

jurisdiction pursuant to Rule 12(b)(1) or, dismissed with prejudice under Rule 12(b)(6) for failure to state a claim, or in the alternative, summary judgment granted for defendant.

May 30, 2008                                        Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
Raymond A. Martinez, TX. Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC 20530
 (202) 514-9150

Of Counsel:
MARC S. BREWEN
Lieutenant Commander, United States Navy
Office of the Judge Advocate General
General Litigation Division
Department of the Navy
Washington Navy Yard, Washington, D.C.
Telephone: (202) 685-5398

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Troy B. Jenkins** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action 1:008-CV-00057 (RMU)** |
| **v.** ) | |
| ) | |
| **United States** ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Upon consideration of Defendant's Motion For Summary Judgement, Plaintiff's filings, Defendants's Notice to the Court of Plaintiff's Latest Filing and Motion to Dismiss or in the Alternative Summary Judgment and the entire record herein, it is hereby ordered that the Defendant's motion is granted and that Plaintiff's Complaint is dismissed with prejudice.

_____    _____
Date                                                                  Ricardo M. Urbina
                                                                             United States District Judge